

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 16, 2019

**VIA ECF**  *REQUEST TO FILE PARTIALLY UNDER SEAL*

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States* v. *Jeffrey Epstein*, 19 Cr. 490 (RMB)

Dear Judge Berman:

  The Government respectfully submits this letter to provide the Court with additional information in response to the Court's questions at the detention hearing held on July 15, 2019 (the "Detention Hearing").

### I. Payments to Potential Witnesses[1]

  In a July 12, 2019 letter, the Government informed the Court that the Government had recently obtained records from a financial institution ("Institution-1") that appeared to show the defendant had made suspicious payments shortly after the *Miami Herald* began publishing, on approximately November 28, 2018, a series of articles relating to the defendant, his alleged sexual misconduct, and the circumstances under which he entered into a non-prosecution agreement ("NPA") with the U.S. Attorney's Office for the Southern District of Florida in 2007. The same series highlighted the involvement of several of Epstein's former employees and associates in the alleged sexual abuse. At the Detention Hearing, the Court asked the Government to provide additional information about the individuals to whom these payments appear to have been made.

  First, records from Institution-1 show that on or about November 30, 2018, or two days after the series in the *Miami Herald* began, the defendant wired $100,000 from a trust account he controlled to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, an individual named as a potential co-conspirator—and for whom Epstein obtained protection in—the NPA. This individual was also named and featured prominently in the *Herald* series.

  Second, the same records show that just three days later, on or about December 3, 2018, the defendant wired $250,000 from the same trust account to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, who was

---

[1] For the reasons set forth at the Detention Hearing, and with the consent of the Court, the Government is redacting the identities of these individuals in the publicly filed version of this letter.

Hon. Richard M. Berman
United States District Judge
July 16, 2019
Page 2

also named as a potential co-conspirator—and for whom Epstein also obtained protection in—the NPA. This individual is also one of the employees identified in the Indictment, which alleges that she and two other identified employees facilitated the defendant's trafficking of minors by, among other things, contacting victims and scheduling their sexual encounters with the defendant at his residences in Manhattan and Palm Beach, Florida. This individual was also named and featured prominently in the *Herald* series.

## II. Police Report

During the Detention Hearing, the parties referenced a redacted copy of a Palm Beach police report, which was annexed to the Government's July 12, 2019 detention memorandum. At the Court's request, the Government has provided a supplemental copy of the police report previously filed, with information referred to in open court unredacted. The updated copy of the police report is attached as Exhibit A.

## III. Foreign Passport

During the Detention Hearing, the Government informed the Court that it had recently learned that law enforcement agents had seized what appears to be an expired foreign passport (the "Foreign Passport") from a safe in the defendant's Manhattan residence during the execution of a search warrant on or about July 6, 2019. The Foreign Passport has a photograph that appears to depict the defendant, but lists a different name. Photographs of that passport are annexed hereto as Exhibit B. In the same safe, agents discovered what appears to be an expired United States passport issued to the defendant, in his true name, within three years of the date on the Foreign Passport. A photograph of that United States passport is annexed hereto as Exhibit C, so that the Court may compare the passports, both of which appear to depict the defendant. Because Exhibits B and C contain personally identifiable information and sensitive information relevant to the ongoing investigation, the Government respectfully requests that Exhibits B and C be filed under seal.

The Government is attempting to obtain additional information about the Foreign Passport, including how it was obtained and whether the passport is genuine or fabricated. But the defendant's possession of what purports to be a foreign passport issued under an alias gives rise to the inference the defendant knows how to obtain false travel documents and/or assume other, foreign identities. This adds to the serious risk of flight posed by the defendant.[2]

---

[2] The Government has asked defense counsel to advise whether the defendant is currently, or has been in the past, a citizen or legal permanent resident of a country other than the United States. To date, defense counsel has declined to respond. Certainly if the defendant is, or has been, a citizen or permanent resident of another country, that would add significantly to the overwhelming evidence of risk of flight.

Hon. Richard M. Berman
United States District Judge
July 16, 2019
Page 3

### IV. Cash and Diamonds

At the Detention Hearing, the Government informed the Court that diamonds and cash were seized from a safe in the defendant's Manhattan residence. The Court inquired as to the value of these items. After conferring with law enforcement agents who have reviewed the materials from the safe, the Government has learned that the safe contained more than $70,000 in cash. In addition, the safe contained 48 loose diamond stones, ranging in size from approximately 1 carat to 2.38 carats, as well as a large diamond ring. The Government is currently unaware of whether the defendant maintains similar stashes of cash and/or jewels at his multiple properties, or in other locations. Such ready cash and loose diamonds are consistent with the capability to leave the jurisdiction at a moment's notice.

### V. Conclusion

For the reasons set forth herein, in the Government's July 8, 2019 and July 12, 2019 detention memoranda, and on the record at the Detention Hearing, the Court should order that the defendant be detained pending trial. The defendant cannot meet his burden of overcoming the presumption that there is no combination of conditions that would reasonably assure his continued appearance in this case or protect the safety of the community were he to be released.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: ___/s_____
Alison Moe / Alex Rossmiller / Maurene Comey
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2225 / 2415 / 2324

Cc:   Martin Weinberg, Esq., and Reid Weingarten, Esq., *counsel for defendant*