```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

           v.                         19 CR 490 (RMB)

JEFFREY EPSTEIN,
                                      Bail Decision
                Defendant.

------------------------------x
                                      New York, N.Y.
                                      July 18, 2019
                                      11:30 a.m.

Before:

         HON. RICHARD M. BERMAN

                                      District Judge


         APPEARANCES


GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
ALEXANDER ROSSMILLER
MAURENE R. COMEY
ALISON G. MOE
    Assistant United States Attorneys


MARTIN WEINBERG
MARC FERNICH
JOMES BROCHIN
MICHAEL MILLER
    Attorneys for Defendant


Also Present:

    AMANDA YOUNG - Special Agent FBI
    PAUL BYRNE - Detective NYPD
    JOHN MOSCATO - Pretrial Services Officer
```

1          (Case called)
2          THE COURT: I had hoped to have a written decision and order by now, which I don't, one that is regarding the release/remand of Mr. Epstein, which has been the subject of multiple written submissions and, as you all know, an in-court hearing on Monday, July 15, 2019. It is not quite physically produced yet and it needs to be cite checked, but I should have it on the docket in the next hour, two hours at most. What I will do, however, is state the conclusions in the decision and order, which I had said I would do, and summarize very briefly the contents of the ruling for you.

          Starting with my conclusions, the government's application for continued remand is hereby granted and the defense application for pretrial release is respectfully hereby denied. Written opinion to follow.

          In that opinion I will deal with all, I'll try to, all the principal issues which have been briefed. Even though it is not entirely necessary or legally required to consider both dangerousness to others and to the community as well as risk of flight, I have done so. I also deal with the defense's proposed bail package. There is obviously significant public interest in all of these legal issues, so I tried to cover them all as best I could.

          There are the following headings in the decision and order. First is a background section, followed by counsel's

1  submissions.  Those are the written submissions: principally
2  the indictment, the legal principles governing release versus
3  remand, the presumption of remand in 18 U.S.C. section 1591
4  cases, danger to others and the community.  This topic has
5  seven subsections and fills over ten pages of the decision and
6  order.  I think it is fair to say that it is the heart of this
7  decision, that is to say, dealing with danger to others and to
8  the community.
9        Then I deal with risk of flight.  That has four
10 subsections or factors, which are substantially the same
11 factors that are used to analyze dangerousness.
12       Then, finally, the bail package proposed by the
13 defense.  Specifically, I find in the decision and order that
14 the government has established dangerousness to others and to
15 the community by clear and convincing evidence and also that
16 the government has established risk of flight by a
17 preponderance of the evidence.  I also reject the proposed bail
18 package as irretrievably inadequate and go on in some detail
19 concerning what I consider to be its deficiencies.
20       Incidentally, I am not suggesting that a different
21 bail package would be appropriate because I doubt that any bail
22 package can overcome danger to the community.
23       I focus then on dangerousness to others, most
24 certainly including the minor victims in this case and
25 prospective victims as well.  I cite and quote, for example,

the compelling testimony of Annie Farmer and Courtney Wild, who testified that they fear for their safety and the safety of others if Mr. Epstein were to be released.

I also point out that the presumption of remand, as opposed to the presumption of release, is unusual in our jurisprudence and that it attaches only to very serious crimes, such as sex trafficking involving minor victims, as in this case some allegedly as young as age 14.

I also discuss evidence of intimidation and threats and compensation paid to potential witnesses and the facts surrounding whether or not Mr. Epstein has been compliant with his legal obligations as a registered sex offender.

When discussing risk of flight, which you obviously can tell comes after, in my analysis, dangerousness to the community, when discussing that aspect, risk of flight, the decision speaks to the seriousness of the charged crimes, to Mr. Epstein's great wealth and his vast resources, which include private planes and frequent international travel and also a foreign residence in Paris.

I mention the items very recently seized from Mr. Epstein's New York City mansion pursuant to lawful search warrants, which include sexually explicit photos and discs, some $70,000 in cash, diamonds, and an expired Austrian passport with Mr. Epstein's photo but with a name that is different from Jeffrey Epstein, and also contains a reference

1  to Saudi Arabia as a residence.
2      I think I have given you a fair account of the
3  decision and order.  As I said before, the written version in
4  its complete form, which will be about 30 to 34 pages long I
5  imagine, I hope will be available reasonably soon.
6      One piece of business in light of today's ruling.  I
7  thought I would schedule a conference with the parties for
8  Wednesday, July 31, at 11:00 a.m.  That is not fixed in stone.
9  If you all want to meet and confer and let me know if that is a
10 convenient date, or I'm happy to accommodate you with another
11 date as well.
12     For the moment, I'll tentatively schedule a conference
13 for July 31st at 11:00 a.m. and ask if there is an application
14 for exclusion of speedy trial.
15     MS. MOE:  Yes, your Honor.  The government moves to
16 exclude time under the Speedy Trial Act from today's date until
17 July 31st.
18     THE COURT:  I am going to find under 18 United States
19 Code section 3161 that adjournment to and including July 31 at
20 11:00 a.m. is appropriate and warrants exclusion of the
21 adjourned time from speedy trial calculations.  I further find
22 that the exclusion is designed to prevent any possible
23 miscarriage of justice, to facilitate these proceedings, and to
24 guarantee effective representation of and preparation by all
25 counsel for both parties, both sides.  Thus, the need for

1  exclusion and the ends of justice outweigh the interests of the
2  public and the defendant in a speedy trial pursuant to 18
3  U.S.C. section 3161(h)(7)(A) and (B).
4              Finally, a word about the proposed conference.  From
5  my point of view, it would be more or less a scheduling/case
6  management type conference, but I'm happy to consider any
7  issues that you might have at that time.
8              I think that's it.  Everybody, thank you for being
9  here.  We are adjourned.
10             (Adjourned)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25