j7v2espC kjc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               19 Cr. 490(RMB)

JEFFREY EPSTEIN,

                Defendant.

------------------------------x              Conference

                                             July 31, 2019
                                             11:05 a.m.


Before:

                    HON. RICHARD M. BERMAN,

                                             District Judge



                         APPEARANCES

GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York
BY:  ALISON J. MOE
        ALEXANDER ROSSMILLER
        MAURENE R. COMEY
        Assistant United States Attorneys


MARTIN G. WEINBERG
        Attorney for Defendant


STEPTOE & JOHNSON, LLP
        Attorneys for Defendant
BY:  MICHAEL C. MILLER

j7v2espC kjc

1          THE COURT:  So, today's conference was scheduled at

2     the end of the July 18 court conference hearing on that date.

3     I thought that we would devote at least the -- well, probably

4     most of today's proceeding to talking about the schedule in

5     this case, and I asked the lawyers to get together and see if

6     they could come up with a mutually agreeable schedule, which

7     would include trial date, motion practice, discovery, etc.

8          Does anybody want to let me know how you made out?

9          MS. MOE:  Yes, your Honor.

10          We have conferred with defense counsel and talked

11     about a proposed schedule for this case.  So we are prepared to

12     propose to the court today a schedule for discovery, for

13     discovery-related motions, for pretrial motions, and we are

14     also prepared to talk about setting a possible trial date.

15          THE COURT:  Okay.  What have you got in mind?

16          MS. MOE:  So, with respect to discovery, we would

17     propose a discovery deadline of October 31 to complete

18     discovery, with one exception.  There are materials from

19     devices seized from the defendant's residence in New York, and

20     the F.B.I. is beginning the process of reviewing that data.

21          In discussing that with defense counsel, we have begun

22     to discuss a process for a privilege-review protocol.  It's

23     possible that process may take longer than October 31.  But

24     aside from that universe of documents, we would propose setting

25     a schedule of October 31 as a deadline for discovery.

1          For discovery-related motions, we would propose that

2     the defense file any motions that they are aware of relating to

3     discovery, to include motions relating to the nonprosecution

4     agreement, by September 13 --

5          THE COURT:  By when?

6          MS. MOE:  September 13, your Honor.

7          -- that the government be permitted to respond by

8     October 4; with any reply due on October 11, as necessary.

9          Of course we understand that if the defense comes to

10    have additional motions related to discovery based on the

11    ongoing discovery process that we will confer and propose an

12    additional briefing schedule beyond that, as necessary.  But

13    with respect to motions that the defense is already aware of,

14    including the NPA, that is the schedule that we would propose

15    at this time.

16         Regarding pretrial motions, your Honor, we would

17    propose that the defense file their motions by January 10, that

18    the government be permitted to respond by February 10, and that

19    any replies be due on or before February 24.

20         THE COURT:  Got it.

21         MS. MOE:  And finally, your Honor, we are prepared to

22    discuss a trial date in this case.  The government is asking

23    the court to set a trial date in this matter.  We would propose

24    that the court schedule this matter for trial in June of next

25    year, and we estimate that the trial would take approximately

1   four to six weeks, and so that trial date would carry into

2   July.  And I understand that the defense has some comments

3   about that proposal, but that's the government's proposal with

4   respect to a trial date.

5           THE COURT:  Okay.  Let me hear from the defense.

6           Do I understand it correctly that, with the exception

7   of the trial date, those dates are agreeable?

8           MR. WEINBERG:  Those dates are agreeable, your Honor.

9           THE COURT:  Counsel, whatever you wish to add, that

10  would be fine.

11          MR. WEINBERG:  We would ask the court to set a

12  preliminary trial date immediately after Labor Day.  I say

13  preliminary because we want time to assess Mr. Epstein's --

14          THE COURT:  This year?

15          MR. WEINBERG:  Yes.

16          THE COURT:  This Labor Day.  Okay.

17          MR. WEINBERG:  We want time to assess Mr. Epstein's

18  ability to . . .

19          (Counsel confer)

20          MR. WEINBERG:  I'm sorry.  I am being told that your

21  Honor was inquiring as to the year.  Let me --

22          THE COURT:  Yes.  I thought you wanted a speedy trial,

23  and so --

24          MR. WEINBERG:  Not with a four- to six-week trial with

25  discovery coming in October, Judge.  I apologize for being

1    imprecise.  Labor Day 2020 or immediately thereafter.  And I

2    make that recommendation -- we haven't received the discovery

3    yet.  Understandably, it is coming, and I'm not in any way

4    contesting that there has been a delay, but we haven't had an

5    opportunity to start reviewing what the government has

6    predicted to be over a million pages of discovery with

7    Mr. Epstein and to assess Mr. Epstein's ability to exercise his

8    constitutional right, while at MCC, in assisting counsel

9    prepare for a very difficult case that addresses events that it

10   is alleged occurred 14 to 17 years ago.

11            THE COURT:  Okay.

12            MR. WEINBERG:  So, we need time to receive a million

13   pages of discovery and to prepare to defend a four- to six-week

14   trial, when a lot of the immediate attention is going to be on

15   the very unique and complex constitutional issues connected to

16   the nonprosecution agreement, our contention that the

17   government's allegations are inextricably intertwined and

18   constitutionally barred by the NPA.  There are double jeopardy

19   issues both connected to the conspiracy count, which looks to

20   be an overlap with one of the charges that was expressly within

21   the immunity provisions in the NPA.  We are going to be

22   spending a lot of time, and that's why I agreed with the

23   government that we should make early discovery motions on the

24   NPA-related issues, on double-jeopardy-related issues, so that

25   we could not only facially brief the motion to dismiss, but

1  have the discovery, the subfacial discovery, if you will, so

2  that we could make a comprehensive briefing along the lines of

3  the schedule for motions.

4          THE COURT:  That's what I was going to suggest, if

5  there is a time period when you could put it all together, as

6  it were, and there is a lot of flexibility.  So I will leave

7  these dates, you know, for now.

8          With respect to the trial date, I could accommodate

9  either June or September of 2020.  The issue is not so much as,

10  from my point of view, when you are all ready, but what part of

11  the calendar I block out.  So is it realistic to block out time

12  in June?

13          MR. WEINBERG:  I think it is -- I don't want to have

14  the court block out a six-week time and then come to the court

15  in March and say we need a continuance and risk a September

16  date.

17          THE COURT:  Got it.  Okay.  So a September date, you

18  are saying, sounds like it certainly is realistic.

19          MR. WEINBERG:  Thirteen months sounds like the amount

20  of time that we would ordinarily need to prepare a case of this

21  magnitude and scope.

22          THE COURT:  All right.  That is fine for me.

23          Just while we are taking care of details, a speedy

24  trial issue or application?  Why don't we extend it to

25  September of 2020?

j7v2espC kjc

1          MR. WEINBERG:  This case certainly meets all of the

2     statutory criteria for complexity and we would agree to that

3     extension, Judge.

4          MS. MOE:  Your Honor, may I briefly be heard with

5     respect to the trial date?

6          THE COURT:  Oh, sure.  You know, it does sound like it

7     is kind of premature, but I'm happy to hear you.  It is often

8     the defense that is ahead of the government, or not often, but

9     equally, but here it is the other way around.  So if the

10    defense is not ready, it would be my practice to defer to the

11    defense, but I don't know that it is fixed in stone either way.

12    But, sure, I am happy to hear you.

13         MS. MOE:  Your Honor, by way of background, we had

14    initially proposed to the defense a May trial date.  We think

15    that there is a public interest in bringing this case to trial

16    as swiftly as manageable.  We understand, given their concerns

17    in wanting to have more time, we proposed a date in June as a

18    compromise position.  We understand if the defense has

19    indicated that they need additional time.  We are sensitive to

20    those concerns.  But we do have a concern about the notion of

21    setting a September trial date and that that trial would be

22    preliminary or as a placeholder.  Thirteen months is a

23    considerable amount of time for a case of this nature to go to

24    trial; and, again, given the time period of the charged conduct

25    and the length of time that's passed, we do think that there is

1    a public interest in scheduling a fixed trial date in this

2    case.  Of course we understand if issues arise in the interim,

3    we will address that as it occurs, but we do think it makes

4    sense at this juncture to set a firm trial date.  We don't

5    think that any delay in this case is in the public interest.

6              THE COURT:  Counsel.

7              MR. WEINBERG:  We think that the delay in bringing

8    this charge, your Honor, the natural corollary of that is to

9    make it more difficult, not easier, for us to defend

10   Mr. Epstein.  For instance, there are certain sealed files for

11   potential witnesses that we would have to go to other courts to

12   seek to unseal.  There is an NPA to litigate.  This case is not

13   your ordinary 1591 case.  A case of four to six weeks is not

14   the ordinary amount of time the government takes to prosecute,

15   whether it is old or new cases.  We need 13 months.  I'm trying

16   to make a principled argument, Judge, that that would be a

17   schedule that we would try our best to meet, conditioned on our

18   ability to work with Mr. Epstein under the current conditions.

19             Thank you, sir.

20             THE COURT:  Okay.

21             So, we are going to monitor the case from now until

22   then anyway, so I think everybody will be in a better position

23   to know what is realistic with respect to a trial date.  I will

24   exclude time from today through, let's say, June 8, but that,

25   of course, is without prejudice to hearing from the defense and

1    the government as to actually where things stand.  Long before

2    then we will know.  So we will have a conference, or several,

3    between now and then.  Let's see where everybody is as the

4    months go by, and then we will know when we can effectively

5    hold the trial.

6    So I am going to find, under 18 United States Code §

7    3161, that the request for adjournment, joined in by both

8    sides, is appropriate and warrants exclusion of the adjourned

9    time from Speedy Trial calculations.  I further find that the

10   exclusion is designed to prevent any possible miscarriage of

11   justice, to facilitate these proceedings, including extensive

12   pretrial preparation, and to guarantee effective representation

13   of and preparation by counsel for both sides, and thus the need

14   for exclusion and the ends of justice outweigh the interests of

15   the public and the defendant in a speedy trial pursuant to 18

16   United States Code § 3161(h)(7)(A) and (B).  So that exclusion

17   goes to June 8, 2020 preliminarily.

18   Counsel, is it your thought that these motions would

19   be on submission or did you want to have oral argument with

20   respect to any aspect of them?

21   MR. WEINBERG:  We would seek oral argument, your

22   Honor.

23   THE COURT:  So let's set October 28, 2019 for oral

24   argument, and I am tentatively reserving some time on my

25   calendar, as I said before, on June 8, 2020, but I will have a

j7v2espC kjc

1  much better feel for where things are long before that and

2  certainly I would say on October 28 we would have a much

3  clearer picture of how things stand.

4             So there you have it.  Did you have -- go ahead.

5             MS. MOE:  Just to clarify, your Honor, what time would

6  the court like the parties to appear on October 28?

7             THE COURT:  10 a.m.

8             MS. MOE:  Thank you, your Honor.

9             THE COURT:  And the June 8 date is 9 a.m.  Okay?

10            MR. WEINBERG:  Would your Honor want to schedule an

11 argument on the substantive motions that will be fully briefed

12 before the court on February 24?

13            THE COURT:  Yup.

14            So let's schedule that oral argument for March 12,

15 2020, at 10 a.m.

16            Great.  So anything anybody else has to talk about?

17            MR. WEINBERG:  Not from the defense, your Honor.

18            MS. MOE:  Not from the government, your Honor.  Thank

19 you.

20            THE COURT:  Okay.

21            MR. WEINBERG:  Thank you very much, sir.

22            THE COURT:  Nice to see you all.

23                              oOo

24

25