UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,
                Government,

    -against-

JEFFREY EPSTEIN,
                Defendant.
------------------------------------------------------------X

19 CR. 490 (RMB)

**ORDER**

The Court has received a four page "United States' Motion to Unseal Grand Jury Transcripts" filed with the S.D.N.Y. Clerk's Office on Friday evening, July 18, 2025. *See* ECF No. 61 (Gov't Motion). The Gov't Motion requests that the Court "unseal the underlying grand jury transcripts in *United States v. Epstein*, subject to appropriate redactions of victim-related and other personal identifying information." *Id.* at 1–2.

The Court intends to resolve this motion expeditiously. However, the Court cannot rule on the motion without additional submissions from the Government. Specifically:

***Memorandum of law***: Federal Rule of Criminal Procedure 6(e) codified the practice, "'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *In re Petition of Craig*, 131 F.3d 99, 102 (2d Cir. 1997) (quoting *In re Biaggi*, 478 F.2d 489, 491 (2d Cir. 1973) (Friendly, C.J.)); *see also Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Rule 6(e)(3) lists exceptions to the rule of secrecy but these are not invoked by the Government's Motion. The Second Circuit - but not many other circuits - has recognized that there are certain "special circumstances" in which release of grand jury records may be appropriate, based upon a court's supervisory authority over grand juries it empanels.[1] *See*

---

[1] The Seventh Circuit agrees that a district court may order the release of grand jury materials upon a showing of special circumstances. *See Carlson v. United States*, 837 F.3d 753, 766–67 (7th Cir.

*In re Craig*, 131 F.3d at 102; *see also id.* at 104 ("The discretion of a trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make."). The Second Circuit has identified the following factors for district courts to weigh where considering applications for disclosure:

- the identity of the party seeking disclosure;

- whether the defendant to the grand jury proceeding or the Government opposes the disclosure;

- why disclosure is being sought in the particular case;

- what specific information is being sought for disclosure;

- how long ago the grand jury proceedings took place;

- the current status of the principals of the grand jury proceedings and that of their families;

- the extent to which the desired material has been previously made public;

- whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and

- [whether there is an] additional need for maintaining secrecy in the particular case in question.

*Id.* at 106 (capitalization altered); *see also Laws.' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 285 (2d Cir. 2022) (affirming district court's application of those factors).

---

2016). Other circuits have taken a much narrower view of a district court's authority. *See, e.g., McKeever v. Barr*, 920 F.3d 842, 843, 850 (D.C. Cir. 2019), *cert. denied*, 140 S. Ct. 597 (2020); *Pitch v. United States*, 953 F.3d 1226, 1241 (11th Cir. 2020) (en banc); *United States v. McDougal*, 559 F.3d 837, 841 (8th Cir. 2009); *In re Grand Jury 89-4-72*, 932 F.2d 481, 488 (6th Cir. 1991).

The Government's motion does not adequately address these factors. The Court accordingly directs the Government to file a memorandum of law, no later than Tuesday, July 29, 2025, addressing with specificity these factors. The memorandum of law is to be no more than 25 pages, double spaced. In light of grand jury secrecy and victim-related issues and other personal identifying information concerns, the Government is directed to file, on the public record, a redacted version, and to file under seal the memorandum in unredacted form.

The Court also directs the Government to state in the memorandum whether, before filing the instant motion, counsel for the Government reviewed the Epstein grand jury transcripts and whether the Government provided notice to the victims of the motion to unseal. Following the Court's ruling on the Government's motion, the Court will invite the Government's input as to whether, and to what extent, these redactions are warranted.

***Grand jury transcripts***: The Court has not received the grand jury transcripts that the Government seeks to unseal. The Court directs the Government to submit to the Court under seal the following materials no later than Tuesday, July 29, 2025: (1) an index of Epstein grand jury transcript materials, including a brief summary, the number of pages, and dates; (2) a complete set of Epstein grand jury transcripts; (3) a complete proposed redacted set of Epstein grand jury transcripts (*i.e.*, the transcripts in the form that the Government proposes to release them); and (4) a description of any other Epstein grand jury materials, including, but not limited to, exhibits.

***Submission from Epstein's Representative***: The Court has not received any letter on behalf of deceased defendant Epstein setting out any position vis-à-vis the proposed disclosure. Any such letter is due on or before Tuesday, August 5, 2025.

***Submission(s) from Victims***: The Government may not have notified the victims. And, the Court has not received any letters on behalf of the victims setting out their positions on grand

jury disclosure. Any such letters are due on or before Tuesday, August 5, 2025. *See* Gov't Motion at 1 n.1 (This is a 2 page, undated, unsigned, U.S. Department of Justice and Federal Bureau of Investigation memo. According to the Government, "Epstein harmed over one thousand victims. Each suffered unique trauma. Sensitive information relating to these victims is intertwined throughout the materials. This includes specific details such as victim names and likenesses, physical descriptions, places of birth, associates, and employment history.").

SO ORDERED.

Dated: New York, New York
July 22, 2025

_____
RICHARD M. BERMAN, U.S.D.J.