

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 5, 2025

**BY ECF**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Jeffrey Epstein*,
                19 Cr. 490 (RMB)

Dear Judge Berman:

        The Government respectfully submits this letter pursuant to the Court's order, dated August 26, 2025 (the "Order"), and in opposition to the motion filed by NBC News on August 13, 2025 (the "Motion"). (Dkt. 78). For the reasons set forth below, as well as those set forth in the Government's prior memoranda, the Government submits that the Motion should be denied.

    **I.**    **Background**

        The Motion seeks to unseal the names of two individuals referenced in a letter filed by the Government on July 16, 2019 (the "July 2019 Letter" or Dkt. 23). The Government will refer to the individual referenced on the first page of the July 2019 Letter in the paragraph beginning "First" as "Individual-1" and the individual referenced on the same page in the paragraph beginning "Second" as "Individual-2." (*See* Dkt. 23 at 1).

        Pursuant to the Order, on August 26, 2025, the Government notified Individual-1 and Individual-2 of the Motion and the Order.

        On August 29, 2025, the Government received a letter from counsel for Individual-1. The letter, which is attached hereto as Exhibit A, expressed Individual-1's opposition to the Motion.

        On September 5, 2025, the Government received an email from counsel for Individual-2. The email, which is attached as Exhibit B, expressed Individual-2's opposition to the Motion.[1]

---

[1] Because Exhibits A and B both contain personal identifying information for Individual-1 or Individual-2 and describe certain matters that are highly personal and sensitive, the Government respectfully submits that sealing of both exhibits is appropriate. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (The "privacy interests of innocent third parties" should "weigh

## II. Discussion

The Motion should be denied for, among other reasons, in order to protect the privacy interests of Individual-1 and Individual-2. The relevant standard is set forth in *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The Second Circuit there described the public qualified presumption of access to court records and instructed courts to "balance competing considerations against [the presumption]" including but not limited to "the danger of impairing law enforcement or judicial efficiency" and third-party "privacy interests." *Id.* The law enforcement privilege is a substantial interest worthy of protection in this balancing analysis and is designed *inter alia* "to protect witness and law enforcement personnel, [and] to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). Indeed, the voluntary cooperation of persons who may want or need confidentiality is "often essential to judicial efficiency." *Amodeo*, 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id.*

Consistent with the above, the Second Circuit also has held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure. . . should weigh heavily in a court's balancing equation." *In re New York Reporters Committee Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Id.* Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

Here, Individual-1 and Individual-2 are uncharged third parties who have not waived their privacy interests; indeed, both Individual-1 and Individual-2 have expressly objected to the unsealing of their names and personal identifying information in the July 2019 Letter. (*See* Exs. A & B). Moreover, the recipients of the payments described in the July 2019 Letter were not revealed in the trial in *United States v. Maxwell*, No. S2 20 Cr. 330 or, to the Government's knowledge, in

---

heavily in a court's balancing equation" and can be the kind of "compelling interest" that may justify sealing or closure, and "[i]n determining the weight to be accorded an assertion of a right of privacy," courts must "consider the degree to which the subject matter is traditionally considered private rather than public," such as "family affairs, . . . embarrassing conduct with no public ramifications, and similar matters."); *cf., e.g., United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, *7 (S.D.N.Y. Apr. 14, 2016) (considering "personal and embarrassing conduct [with] public ramifications").

Hon. Richard M. Berman, U.S.D.J.
September 5, 2025
Page 3 of 3

any other forum. Accordingly, the Government respectfully submits that the names of Individual-1 and Individual-2 should remain sealed to protect their legitimate privacy interests. *See United States v. Rajaratnam*, 708 F. Supp. 2d 371, 375 n.3 (S.D.N.Y. 2010) ("The Second Circuit has instructed that, in deciding whether to . . . seal a document, a court must consider," among other things, the "privacy interests of the defendant, victims or other persons" (quoting *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995))); *In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation"); *SEC v. Ahmed*, No. 15 Civ. 675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing certain documents based, in part, on privacy interests of a third party).

    Respectfully submitted,

    /s/ Jay Clayton
    Jay Clayton
    United States Attorney for the
    Southern District of New York