September 12, 2025



VIA EMAIL

Honorable Richard Berman  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

**MEMO ENDORSED**  
See page 4.

      **Re: United States v. Jeffrey Epstein, 19 Cr. 490 (RMB)**

Dear Judge Berman:

    NBC News respectfully submits this letter in support of Tom Winter's request to unseal two names redacted from the Government's July 19, 2019 letter arguing for Mr. Epstein's pretrial detention.

**I. Introduction**

    NBC News' discrete unsealing request involves a straightforward application of well-settled law. Simply put, the July 2019 Letter is a "judicial document" subject to a presumptive right of access under both the common law, *see United States v. Graham*, 257 F.3d 143, 153 (2d Cir. 2001), and the First Amendment, *see In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987). Because that presumptive right has not been overcome, the two redacted names in the Letter should be unsealed.

**II. Discussion**

    **A. The Common Law**

    The Government acknowledges that NBC News has a presumptive common law right of access to the sealed names, *see* Opp. at 2, but glosses over the considerable weight that right must be afforded in this case. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*Amodeo II*) (once a presumptive right of access is established, courts must determine the "weight to be given the presumption"). The Second Circuit has held that the presumptive right of access "is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

    Because the July 2019 Letter undoubtedly relates to matters that directly affected an adjudication—namely, the decision of whether to grant Mr. Epstein bail—the two redacted names in that letter "should not remain under seal absent the most compelling reasons." *Id*. (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Moreover, the burden falls squarely on the Government to justify keeping the names a secret. *See Amodeo II*, 71 F.3d at 1047.

The Government has not met its burden to provide "the most compelling reasons" for keeping the names sealed. Of its two purported reasons, neither passes muster.

*1. Personal Privacy Does Not Justify Sealing*

The Government argues that continued sealing is needed to "protect the privacy interests of Individual-1 and Individual-2," *see* Opp at 2, even though it previously conceded that both individuals have already been publicly associated with Mr. Epstein and his crimes. *See* July 2019 Letter, ECF 23 at 1-2 (noting that both individuals were featured prominently in the *Miami Herald* series).

Further, all of the factors courts should consider favor unsealing. *See Amodeo II*, 71 F.3d at 1051-52 (describing the factors).

First, a court should "consider the degree to which the subject matter is traditionally considered private rather than public," including whether the subject matter "involves no public ramifications" and the degree to which it "involves conduct affecting a substantial portion of the public." *See id*. Information that merely identifies someone as a sender or recipient of payment is not sufficiently private to overcome the presumption of access. *See Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 377 (S.D.N.Y. 2007) (allowing specific banking account numbers, addresses and other details to remain under seal, but noting that the payee identity and amounts received could not be kept confidential); *see also U.S. v. Bankman-Fried*, 2023 WL 1108471, at *4 (S.D.N.Y. Jan. 30, 2023) (press had right of access to names of bail sureties in high-profile criminal action). Moreover, the payments at issue go to the very heart of the inquiry as to whether and how Mr. Epstein used his immense wealth and social influence to evade accountability in the justice system. It therefore cannot be credibly argued that this information "involves no public ramifications" such that it can be kept under seal. *See Amodeo II*, 71 F.3d at 1051-52.

Second, a court should consider "[t]he nature and degree of injury.... [including] not only [] the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *See id*. While it is safe to assume that these two individuals do not want to be identified as recipients of Mr. Epstein's money, "'[g]eneralized concern[s] of adverse publicity' do not outweigh the presumption of access." *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F.Supp.2d 374, 375 (S.D.N.Y. 2007); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) (unsealing names of employees investigated for alleged wrongdoing, holding that while "the conduct at issue may be potentially embarrassing to these employees . . . . and may negatively impact their career prospects, any injury the employees may suffer by release of the information is insufficient to rebut the strong presumption of access"). Moreover, in making this unsealing request, NBC News is not a "[c]ommercial competitor[] seeking an advantage over rivals," nor is it pursuing a "personal vendetta[]." *See Amodeo II*, 71 F.3d at 1051. (holding that privacy interests can be weightier in those circumstances). It instead seeks to inform the public on a matter of immense public importance.

Third, "[r]aw, unverified information should not be as readily disclosed as matters that are verified." *See id*. NBC News is not aware of anyone casting doubt on the authenticity of the

payment information submitted by the Government in support of Mr. Epstein's pretrial detention. This factor therefore also favors unsealing.

Fourth, "a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *See id*. Here, there is no doubt that these two individuals would have ample opportunity to respond through the media and other platforms, if they choose to do so.[1]

### 2. Witness Cooperation Does Not Justify Sealing

The Government also suggests that secrecy is warranted because of witness cooperation considerations. *See* Opp. at 2 This argument also fails.

NBC News is not aware of the Government making any representation to this Court that it secured cooperation from Individual-1 and Individual-2 in exchange for keeping their identities secret. But even if the Government did secure cooperation on those terms, the information sought by NBC News most likely comes from Mr. Epstein's own financial records, and not pursuant to a cooperation agreement with those two individuals. Stated differently, there is no apparent nexus between the information sought by NBC News and whatever information Individual-1 and Individual-2 may have provided after receiving assurances of confidentiality (assuming such assurances were ever given). This case is therefore distinguishable from *Amodeo II*,[2] where the court allowed continued sealing of information that, if released, would make the fact of a confidential informant's cooperation "a matter of public knowledge," thereby creating a risk that "valuable cooperation might cease." *Amodeo II* at 1052.

### B. The First Amendment

Because the Government cannot justify sealing under the common law, it also fails to meet its "more stringent" burden under the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Under that heightened First Amendment standard, "continued sealing . . . may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *See id*. (citing *In re New York Times Co.*, 828 F.2d at 116.) For the reasons described above, that standard has not been met here.

---

[1] Edwards Henderson, PLLC has also submitted a letter objecting to NBC News's unsealing request, stating that disclosure would raise victim safety and privacy concerns. *See* ECF No. 80. NBC News takes such concerns seriously, but it is unable to meaningfully assess how they factor here because the individuals' identities remain sealed. What we do know is, based on the Government's submissions, both Individual-1 and Individual-2 were deemed to be potential co-conspirators of Mr. Epstein's criminal scheme and had sufficient potential criminal exposure to receive protection under the NPA.

[2] *Amodeo II* is also distinguishable on this point because the document at issue bore "only a marginal relationship to the performance of Article III functions" and therefore carried a "weak" presumption of access. *Amodeo II* at 1052. The presumption here is far stronger. *See supra*.

### III. Conclusion

For the foregoing reasons, NBC News respectfully requests that the names of Individual-1 and Individual-2 be unsealed from the July 2019 Letter.

Respectfully submitted,

/s/ Alex Ziccardi
Alexander Ziccardi
Vice President, Legal
NBCUniversal News Group

---

Docket and file.

SO ORDERED:
Date: 9/15/2025

Richard M. Berman, U.S.D.J.