

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 19, 2025

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  **United States v. Jeffrey Epstein,**
>      **19 Cr. 490 (RMB)**
>
>      **United States v. Ghislaine Maxwell,**
>      **20 Cr. 330 (PAE)**

Dear Judges Berman and Engelmayer:

The Government respectfully submits this letter in response to Your Honors' December 10, 2025 Order in *United States v. Jeffrey Epstein*, 19 Cr. 490 (RMB), Dkt. 92 and December 9, 2025 Order in *United States v. Ghislaine Maxwell*, 20 Cr. 330 (PAE), Dkt. 820. The Government submits this letter jointly as it believes that the issues raised are overlapping between the two cases. Below, the Government describes the process for its review of certain materials released pursuant to H.R. 4405, the Epstein Files Transparency Act (the "Act"), including for compliance with Section 2(c)(l)(A) of the Act and, for a subset of those materials, the certification required by the Court's Order in *United States v. Maxwell*.

### *Overview of Relevant Processes and Review Procedures*

The Department is undertaking a victim-oriented approach in connection with the production and public disclosure of materials required by the Act (the "Transparency Act Materials").

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
December 19, 2025
Page 2 of 5

***Compilation and Updating of the Victim Privacy File***.  Following the passage of the Act, the Department, including Department attorneys in both Washington, D.C. and the U.S. Attorney's Office for the Southern District of New York ("SDNY"), immediately undertook a process aimed at identifying victims who desired to have personal identifying information redacted from the Transparency Act Materials.  That victim-identification process included:

- Immediate consultation with known counsel for numerous victims;

- Affirmative reach out to other counsel identified to the Department as potential counsel for victims;

- Affirmative reach out to counsel for certain victim compensation funds; and

- A public invitation to victims to contact the Department directly.

In connection with these efforts, the Department:

- Held more than 30 meetings and calls (in person or virtually) with victims' counsel and, where appropriate, with certain victims directly; and

- Compiled and continuously updated a file (the "Victim Privacy File") of victim names and certain other victim-identifying information provided by victims ("Victim Privacy Information").  The list of victims includes individuals identified as victims or potential victims through the Department's prior prosecutions of Epstein and Maxwell as well as individuals who have (directly or through counsel) been identified to the Department as potential victims of state or federal offenses or other claims of sexual exploitation or misconduct by Epstein or Maxwell.

***Identification of Transparency Act Materials and Review for Victim Privacy Information.***  Simultaneously with the compilation and continuous updating of the Victim Privacy File, Department attorneys in Washington, D.C., undertook a review of pertinent files to identify the Transparency Act Materials and, as Transparency Act Materials were identified, review them for Victim Privacy Information, privileged information, and other information that should be redacted in accordance with the Act.  That review and redaction process included:

- Collecting materials from different components of the Department of Justice, processing those materials for review, making the materials searchable, and uploading the materials into a review database used for large-scale document productions; and

- Overseeing more than 150 lawyers and other Department personnel in Washington, D.C., reviewing the potentially responsive information to (1) identify Transparency Act Materials and (2) make appropriate redactions, including for Victim Privacy Information.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
December 19, 2025
Page 3 of 5

### Certification Process by the U.S. Attorney's Office for the SDNY

Following the review and redactions process described above, an additional review of materials related to *United States v. Maxwell* is being conducted by attorneys in the SDNY. In particular:

- Transparency Act Materials collected by the Department from SDNY and certain related FBI casefiles[1] that are (i) deemed by the Department to be responsive to the Act, (ii) reviewed for Victim Privacy Information by Department attorneys in Washington D.C., and (iii) prepared for publication under the Act through the process set out above are routed to SDNY Assistant U.S. Attorneys (AUSAs) for an additional review on a rolling basis.

- SDNY AUSAs then conduct a review of those materials. As of the date of this letter, under this process, AUSAs from SDNY do not apply additional redactions and instead confirm that the redactions applied by the Department cover the Victim Privacy Information.[2] Any documents identified as still containing unredacted Victim Privacy Information are segregated for further review and additional redactions, if necessary, before public release.

- The review by SDNY AUSAs is designed to ensure that the following Victim Privacy Information is redacted to the maximum extent practicable: (i) information in the Victim Privacy File *(e.g.*, victim names); (ii) information or context in a document suggesting that a third party identified in the document is a victim; (iii) facial images of women; (iv) facial images and names of apparent minors; and (v) information that would tend to identify a victim by identifying the victim's family, close associates, or unique characteristics.

- SDNY AUSAs are instructed that, when in doubt about whether a document or other material contains Victim Privacy Information, the AUSAs should err in favor

---

[1] The Department has separately collected documents from relevant components, including the Federal Bureau of Prisons and the Office of Inspector General.

[2] While not specifically relevant to the Court's Order, SDNY AUSAs may further review documents to determine whether the redactions are consistent with the Department's instructions for protecting Privacy Act materials and other privileges. To the extent a determination is made in the future to release a document that has been withheld or to unredact a document—in whole or in part—that has been released in redacted form, the SDNY will seek to conduct a *de novo* review to ensure that Victim Privacy Information is redacted to the maximum extent practicable before that document is released.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
December 19, 2025
Page 4 of 5

        of segregating the document or material for further review before it is publicly released.

- Any documents identified through this process as marked for further review before public release are, under the current protocol, put into a pool for further review, and will not be released until SDNY AUSAs confirm that the redactions cover the Victim Privacy Information.

- The Department then prepares the materials reviewed and approved by the SDNY AUSAs for release on the Department's publicly available and searchable website.

- Materials that are specifically identified in the Court's Order are designated with additional markings.  Materials that are Maxwell Grand Jury Materials contain a separate marking ("GM_GJ_SDNY") and materials that are Maxwell Protective Order Discovery Materials contain the original SDNY bates stamp (with the prefix of "SDNY_GM_").[3]

- This review is ongoing, involves substantial commitment of SDNY AUSA resources, and is being done as expeditiously as possible in response to the Court's Order and in consideration of the Act.  As documents complete the first phase of review by the Department, they are being promptly reviewed by SDNY AUSAs in an effort to expeditiously certify materials for release under the Act.

To be sure, there are a variety of challenges and tensions in addressing the requirements of the Act on a basis consistent with the Department's commitment to protecting Victim Privacy Information.  Any review and redaction process of this size and scope is vulnerable to machine error, instances of human error in review, insufficient information about a victim to apply redactions, and the possibility that the media or others in the public will piece together information that in isolation does not identify a victim but can be pieced together to identify a victim.  Posting information on a publicly available website also poses risks of intrusion and technical errors.

In addition, the review and redaction process, and particularly the focus on victim privacy interests, can result in the redaction of materials that may already be publicly available or where the disclosure of such redacted information, with hindsight, would not put victim privacy interests at risk. For example, victim privacy interests counsel in favor of redacting the faces of women in photographs with Epstein even where not all the women are known to be victims because it is not practicable for the Department to identify every person in a photo with the information available

---

[3] The Department expects that materials produced pursuant to the Protective Order in the Maxwell case may be duplicative of certain materials contained in, for example, the FBI's case file.  While the FBI case file versions of such documents were not themselves produced under the Protective Order, and thus are not Maxwell Protective Order Discovery Materials, the Department is making efforts to treat those materials consistently where practicable, including by processing many of the relevant FBI casefiles through the framework described above.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
December 19, 2025
Page 5 of 5

to the Department.  This approach to photographs could be viewed by some as an over-redaction, but the Department believes it should, in the compressed time frame, err on the side of redacting to protecting victims.  The Department has sought to address these complex, and to some extent, competing, considerations in the manner that best serves the victims and the interests of the Act, keeping in mind the fact that if material that jeopardizes victim privacy is released publicly, the resulting harm is difficult or impractical to address.

### *Certification*

Based on the processes above, and noting the limitations inherent in productions of this type, the Department and the SDNY have designed and undertaken a rigorous process to ensure that victim privacy considerations are addressed to the maximum extent practicable in light of the requirements of the Act.  Pursuant to the Court's Order, a sworn declaration is below, which confirms the rigorous process described in this letter, and is being filed before any of the Maxwell Grand Jury Materials or Maxwell Protective Order Discovery Materials are released by the Department.

The Government remains available, as always, to answer any questions the Court may have.

Respectfully,

/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York

SWORN DECLARATION:

Consistent with the above-described process and procedures, I hereby confirm that Grand Jury Materials from *United States v. Maxwell*, which are publicly designated with a "GM_GJ_SDNY" stamp, and Discovery Materials Produced under the Protective Order in the *Maxwell* Case, which contain the original SDNY bates stamp (with the prefix of "SDNY_GM_"), have been rigorously reviewed for compliance with Section 2(c)(l)(A) of the Epstein Files Transparency Act, and through that review none of the released records have been identified to contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

BY:
JAY CLAYTON
United States Attorney
Southern District of New York

Sworn to on December 19, 2025